Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                                  Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBIN ANDERSON** | : No. |
| Plaintiff, | : |
| v. | : |
| **PARKWAY PARKING MANAGEMENT INC.** and | : |
| **RACE PARKING ASSOCIATES, L.P.** | : **COMPLAINT** |
| Defendants | : |

**PRELIMINARY STATEMENT**

Robin Anderson (the "Plaintiff"), by and through her counsel, brings this lawsuit against Parkway Parking Management, LLC, and Race Parking Associates, L.P., seeking all available relief under the Americans with Disabilities Act for the failure to comply with the Act's accessibility requirements. Plaintiff is seeking injunctive relief requiring the Defendants to remove the accessibility barriers which exist at their parking facility. The allegations contained herein are based on personal experience of the Plaintiff.

## I.  JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II.  VENUE

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III.  PARTIES

5. The Plaintiff is a 54 year-old adult female who currently resides in Burlington County, New Jersey.

6. The Plaintiff is a disabled individual.

7. According to the Philadelphia Board of Revision of Taxes, Race Parking Associates, L.P., ("Defendant Race") is the owner of the parking lot located at 222-254 North Marvine Street, Philadelphia, Pennsylvania 19107, having a tax account number of 885796940.

8. Defendant Race is a domestic limited partnership registered with the Pennsylvania Department of State under entity identification number 2950454.

9. Parkway Parking Management, LLC ("Defendant Parkway") is a domestic limited liability company registered with the Pennsylvania Department of State under entity identification number 4297462.

10. Defendant Parkway and Defendant Race are collectively referred to herein as the "Defendants."

11. Both Defendants have a business address of 150 North Broad Street, Philadelphia, Pennsylvania 19102.

## IV. <u>STATEMENT OF FACTS</u>

<u>*The Parking Facility*</u>

12. Defendant Parkway operates a public parking lots located between 222-254 North Marvine Street, Philadelphia, Pennsylvania 19107 (the "Parking Facility").

13. For a fee, an individual can park a vehicle in the Parking Facility at the prevailing market rates.

14. The Parking Facility located at approximately 238 – 256 North Marvine Street has more than 50 parking spaces.

15. Defendant Parkway has other parking lots in the area.

16. The Parking Facility located at approximately 238 – 256 North Marvine Street is separated from the other lots by Spring Street.

17. The Parking Facility does not have any handicap-accessible parking spaces for a car.

18. The Parking Facility does not have any handicap-accessible parking spaces for vans.

19. None of the parking spaces have any handicap-accessibility signs designating the parking spaces as being handicap accessible.

<u>*The Plaintiff*</u>

20. The Plaintiff is a disabled individual within the meaning of the ADA.

21. The Plaintiff has difficulty walking.

22. The Plaintiff possesses a handicapped parking placard issued by the State of New Jersey.

23. The Plaintiff's handicapped parking placard permits her to park her vehicle in spaces designated as being handicap-accessible.

24. When the Plaintiff travels to Philadelphia, she is often unable to find parking on the streets.

25. The Plaintiff parks in a parking garage or parking lot when on-street parking is not available.

26. The Plaintiff is deterred from patronizing the Parking Facility because of its' lack of usable handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

27. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

28. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

29. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

30. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

31. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

32. "Public accommodations" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

33. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

34. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

35. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

36. Under Title III, places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

37. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

38. On sites with multiple parking facilities, the minimum number of accessible spaces must be calculated separately for each parking facility instead of on the combined total of parking spaces provided on the site.[1]

39. Parking facilities are to be treated separately for scoping purposes if they are either: i) structurally different (e.g., surface lot versus parking garage or deck); ii) dedicated to, and separately serve, different facilities on a site; iii) segmented and separated by guard rails, fencing, or barriers, particularly where they serve different users; or iv) separated by streets or roadways (as opposed to drive aisles on a site).[2]

40. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

41. March 15, 2012 was the compliance date for using the 2010 ADA Standards for program accessibility and barrier removal.[3]

42. Discrimination, for purposes of a public accommodation, includes "[a] failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities" except where an

---

[1] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking
[2] Id.
[3] https://www.ada.gov/2010ADAstandards_index.htm

entity can demonstrate that it is structurally impracticable to meet the requirements set forth by the ADA. 42 U.S.C. § 12183.

43. Under the ADA, businesses or privately-owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

44. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.

*Accessible Parking under the ADA*

45. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[4]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

---

[4] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

46. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[5]

47. The width of a parking space is measured from the center of each parking line bordering the parking space.[6] (**See Exhibit B**)

48. For cars, the ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60 (sixty) inches wide. (**See Exhibit B**)

49. For vans, the ADA requires that there be an access aisle for the handicap-accessible parking space that is at least 96 (ninety-six) inches wide.[7]

50. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[8]

51. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[9]

*Accessible Routes under the ADA*

52. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[10]

53. This route, which must be at least three feet wide, must remain accessible and not be blocked.[11]

---

[5] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[6] Id.
[7] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#van
[8] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[9] http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html
[10] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS
[11] Id.

54. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[12]

55. Accessible routes must connect parking spaces to accessible entrances.[13]

56. ADA Guidance Standards provide that "[a] "path of travel" includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility."[14]

57. "An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."[15]

*Signage and the ADA*

58. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[16] (**See Exhibit C**)

59. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

---

[12] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3
[13] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[14] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#curbramps
[15] Id.
[16] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1

60. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

61. Parking space identification signs shall be 60 (sixty) inches minimum above the finish floor or ground surface measured to the bottom of the sign.[17]

## COUNT I –

## FAILURE TO PROVIDE THE PROPER NUMBER OF HANDICAP-ACCESSIBLE PARKING SPACES

62. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

63. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

64. The Plaintiff is a disabled individual within the meaning of the ADA.

65. The major life activity that the constitutes the Plaintiff's disability is her difficulty walking distances.

66. The Defendants failed to provide any parking spaces that are "handicap accessible" at the Parking Facility.

67. The Defendants failed to provide any handicap accessible parking spaces for cars with an accompanying 60-inch wide adjacent access aisle.

68. The Defendants failed to provide any handicap accessible parking spaces for vans with an accompanying 96-inch wide adjacent access aisle.

---

[17] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

69. The Parking Facility's failure to offer any handicap-accessible parking spaces has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

70. The Defendants are responsible for ensuring the Parking Facility's compliance with the ADA.

71. The Defendants can remedy their non-compliance with the ADA's parking requirements by designating available non-handicap-accessible spaces as handicap-accessible spaces for cars.

72. The Defendants can remedy their non-compliance with the ADA's parking requirements by designating a non-handicap-accessible space as a handicap-accessible space for a van.

73. Compliance with the handicap-accessible parking space requirements at the Parking Facility is readily achievable.

74. The Defendants have discriminated against the Plaintiff by its failure to comply with the ADA.

WHEREFORE, Plaintiff seeks injunctive relief requiring the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II -

## FAILURE TO COMPLY WITH THE SIGNAGE & ACCESS REQUIRMENTS UNDER THE ADA

75. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

76. The Parking Facility does not have any handicap-accessible parking signs for cars.

77. The Parking Facility does not have any van-accessible handicap-accessible parking signs.

78. The Parking Facility does not have any marked accessible routes.

79. The Defendants can remedy their non-compliance by reallocating existing parking spaces and painting border lines which conform to the dimensional requirements of the ADA for handicap-accessible parking spaces and access aisles.

80. The Defendants' failure to comply with the ADA handicap-accessible parking requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

81. The Defendants have discriminated against the Plaintiff by its failure to comply with the ADA handicap-accessible parking requirements.

WHEREFORE, Plaintiff seeks injunctive relief requiring the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully submitted,

By: /s Franklin J. Rooks, Jr.
FJR5566

By: /s Jared A. Jacobson.
JAJ2397


Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff*
Dated: July 12, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.


By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorneys for Plaintiff*
Dated: July 12, 2017

# EXHIBIT A

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)

**Vehicle Spaces (§502.2)**
Spaces must be marked to define the 96" minimum width.

**Access Aisle (§502.3)**
An access aisle at least 60" wide and at least as long as the parking space is required on either side of the parking space and must be marked to discourage parking in it. Two spaces can share one aisle. Access aisles cannot overlap vehicular ways.

full length of parking space

96" min    60" min    96" min

**Surfaces (§502.4)**
Parking spaces and access aisles must meet requirements for floor and ground surfaces (§302) and cannot have changes in level other than slopes not exceeding 1:48.

**Markings (§502.1, §502.2, §502.3.3)**
Both the parking space and access aisle must be marked. The marking method and color is not specified in the Standards, but may be addressed by state or local codes or regulations. The width of spaces and aisles is measured to the centerline of markings (but it can include the full width of lines where there is no adjacent parking space or aisles).

**EXHIBIT B**

